UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SEAN D. GATES,

    Plaintiff,

    v.                                  CAUSE NO. 3:24-CV-704-JD-JEM

ANDRAOS ZACKNOUN, et al.,

    Defendants.

## OPINION AND ORDER

Sean D. Gates, a prisoner without a lawyer, is proceeding in this case against Correctional Officers Andraos Zacknoun and Travis Terry for failing to relieve the excruciating pain caused by a black-box restraint during a transport between Indiana State Prison ("ISP") and Westville Correctional Facility ("WCF"), in violation of the Eighth Amendment. ECF 7 at 3. The defendants filed a motion for summary judgment, arguing Gates did not exhaust his administrative remedies before filing this lawsuit. ECF 33. Gates filed a response, and the defendants filed a reply. ECF 40, 42. Gates also filed a cross-motion for summary judgment,[1] and the defendants did not file any response by the deadline. ECF 41. Both summary judgment motions are now ripe for ruling.

---

[1] In Gates' cross-motion for summary judgment, he argues he did exhaust his administrative remedies and reiterates the same arguments he raised in his response to the defendants' summary judgment motion. Because exhaustion is an affirmative defense raised by the defendants, Gates' cross-motion for summary judgment does not present any valid basis for granting summary judgment in favor of Gates. Nevertheless, the court will consider the arguments Gates raises in his cross-motion for summary judgment in ruling on the defendants' summary judgment motion.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This standard does not change when parties file cross-motions for summary judgment. *International Brotherhood of Electrical Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002). "When considering the plaintiffs' motion for summary judgment, the court must consider the evidence in the light reasonably most favorable to the defendants, and vice versa." *Eaton v. Onan Corp.*, 117 F. Supp. 2d 812, 818 (S. D. Ind. 2000); *see also O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 983 (7th Cir. 2001) ("With crossmotions, our review of the record requires that we construe all inferences in favor of the party against whom the motion under consideration is made.") (citation omitted). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the

claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

The defendants provide Gates' grievance records, a copy of the Offender Grievance Process, and affidavits from the Grievance Specialists at both ISP and WCF, which show the following facts: During all relevant times, a grievance process was in place and available to all inmates at both ISP and WCF. ECF 33-1 at 2, 5; ECF 33-4 at 2, 5. The Offender Grievance Process requires an inmate to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 33-1 at 2; ECF 33-4 at 2; ECF 33-2 at 3. If an inmate submits a grievance and receives no receipt or response from the Grievance Specialist within ten business days, "the offender shall notify the Offender

3

Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 33-2 at 9. Because Gates was transferred to WCF, he should have submitted a grievance at WCF complaining about the defendants' conduct, and WCF's Grievance Specialist would have forwarded that grievance to ISP's Grievance Specialist for a response. ECF 33-1 at 6; ECF 33-4 at 6. However, both Grievance Specialists attests they never received any grievance from Gates related to his claim the defendants caused him pain by placing him in black-box restraints during the transport to WCF. ECF 33-1 at 6; ECF 33-4 at 6. Rather, Gates' grievance records show he has only submitted two grievances throughout his entire incarceration in IDOC, both of which were submitted years before the incident at issue in this case. ECF 33-1 at 6; ECF 33-4 at 7; ECF 33-3. The Grievance Specialists conclude that, because Gates never submitted any grievance at either prison related to his claim against the defendants, he did not exhaust his available administrative remedies before filing this lawsuit. ECF 33-1 at 6-7; ECF 33-4 at 7.

In his response, Gates concedes he never fully exhausted any grievance related to his claim against the defendants. The court therefore accepts that as undisputed. Instead, Gates argues his administrative remedies were unavailable because he submitted a relevant grievance at WCF and never received any receipt or response from WCF's grievance office. ECF 40. Specifically, Gates attests and provides evidence he submitted a grievance to WCF's grievance office on March 7, 2024, complaining the defendants caused him pain by placing him in black-box restraints during the transport

4

to WCF. ECF 41-2 at 1. On March 20, 2024, after Gates received no receipt or response to his March 7 grievance, he submitted a "Request for Interview" form to WCF's warden, informing the warden he had not received any receipt or response to his March 7 grievance. *Id.* at 2.

As noted above, the Offender Grievance Process provides that an inmate who submits a grievance and receives no receipt or response from the Grievance Specialist within ten business days must "notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 33-2 at 9. It is well established that this "notice requirement" of the Offender Grievance Process is a necessary step to exhaust a grievance. *See Lockett*, 937 F.3d at 1027 (even accepting as true that the inmate filed a grievance, he must provide evidence he contacted the Grievance Specialist when he received no response to his grievance); *Lipscomb v. Galipeau*, No. 3:22-CV-106-JD-MGG, 2023 WL 1778435, at *3 (N.D. Ind. Feb. 6, 2023) (granting summary judgment to the defendant because the inmate did not notify the Grievance Specialist after not receiving a response to his grievance); *Rambo v. Smiley*, No. 3:18-CV-740-JD-MGG, 2020 WL 1157865, at *4 (N.D. Ind. Mar. 10, 2020) (granting summary judgment to the defendant because the inmate did not provide evidence he notified the Grievance Specialist he did not receive a response to his grievance).

Here, Gates provides evidence that after he received no response to his March 7 grievance, he submitted a written notification to the warden, not the Grievance

5

Specialist, regarding the lack of response to his March 7 grievance. This did not comply with the Offender Grievance Process, which explicitly requires the inmate to submit the written notification to the Grievance Specialist so that the Grievance Specialist can investigate the matter and issue a response. *See* ECF 33-2 at 9; *Thomas v. Neal*, No. 3:24-CV-47-PPS-JEM, 2025 WL 1207305, at *4 (N.D. Ind. Apr. 25, 2025) (inmate did not satisfy the Offender Grievance Process' "notice requirement" by submitting a notice to the warden, as the policy provides the notice must be sent to the Grievance Specialist); *Lipscomb v. Galipeau*, No. 3:22-cv-106-JD-MGG, 2023 WL 1778435, at *3 (N.D. Ind. Feb. 6, 2023) (same); *Clark v. Warden*, No. 3:22-cv-522-DRL-MGG, 2022 WL 7500517, at *2 (N.D. Ind. Oct. 12, 2022) (inmate did not satisfy the "notice requirement" by submitting written notifications to the warden, Director of Mental Health, Legal Services Division, Governor of Indiana, IDOC Commissioner, and Indiana Ombudsman, as he never submitted a written notice to the Grievance Specialist). Gates does not argue or provide any evidence he ever submitted any written notification to WCF's Grievance Specialist, which was a necessary step to exhaust his remedies.

Accordingly, because it is undisputed Gates did not strictly comply with the Offender Grievance Process' "notice requirement" by sending a written notification to WCF's Grievance Specialist informing her of the lack of response to his March 7 grievance, the undisputed facts show Gates had available administrative remedies which he did not exhaust before filing this lawsuit. The defendants have thus met their burden to show Gates did not exhaust his available administrative remedies before

6

filing this lawsuit. Therefore, the defendants' motion for summary judgment will be granted and Gates' cross-motion for summary judgment will be denied.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 33);

(2) DENIES Sean D. Gates' cross-motion for summary judgment (ECF 41); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Sean D. Gates and to close this case.

SO ORDERED on February 11, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT